# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ATLANTIC CASUALTY INSURANCE COMPANY,** : | CIVIL ACTION NO. 1:17-CV-228 |
| : | |
| : | **(Chief Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **DOVER ROOFING & GENERAL REMODELING EXTERIORS UNLIMITED INC.,** : | |
| : | |
| **Defendant** : | |

## **MEMORANDUM**

Plaintiff Atlantic Casualty Insurance Company ("Atlantic") filed the above-captioned action seeking declaratory judgment against Defendant Dover Roofing & General Remodeling Exteriors Unlimited Inc. ("Dover"). Atlantic asserts that it has no duty to defend or indemnify Dover in an underlying state action. (Doc. 1 ¶ 12). Dover moves to dismiss Atlantic's complaint for failure to join indispensable parties. (Doc. 8). The court will deny Dover's motion.

## I.    Factual Background & Procedural History

Atlantic is an insurance company based in Goldsboro, North Carolina. (See Doc. 1 ¶ 3). Dover is a business entity based in Dover, Pennsylvania. (Id. ¶ 4). From June 2, 2009 to June 2, 2012, Atlantic insured Dover under a commercial general liability policy.[1] (Id. ¶¶ 6-8).

---

[1] The initial policy period spanned from June 2, 2009 to June 2, 2010. (Doc. 1 ¶ 6). Atlantic and Dover subsequently renewed the policy for two additional periods of one year each. (Id. ¶ 8).

In March of 2010, Sandra and Gene Danner (the "Danners") allegedly entered into a contract with Dover. (Id. ¶ 30). Pursuant to the contract, Dover was to install new siding and gutters on a residential property owned by the Danners. (Id. ¶¶ 26, 30). David R. Miller, doing business as Miller Contracting ("Miller"), purportedly performed the work on behalf of Dover. (See id. ¶¶ 35-36; see also id. ¶ 9). On September 8, 2014, the Danners filed a complaint in Pennsylvania state court alleging breach of contract against Dover and Miller. (Id. ¶ 10). The Danners predicated their claims on faulty workmanship. (Id. ¶ 25).

On February 6, 2017, Atlantic filed the instant declaratory judgment action. (Doc. 1). Atlantic asserts that it has no obligation to defend or indemnify Dover in the state court action based on the allegations in the underlying complaint and the plain language of the insurance policy. (Id. ¶ 12). On April 7, 2017, Dover filed the pending motion to dismiss for failure to join indispensable parties. (Doc. 8). The motion is fully briefed and ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(7) provides for dismissal of a complaint for failure to join a party under Rule 19. FED. R. CIV. P. 12(b)(7). Rule 19 specifies the circumstances in which the joinder of an absent party is required. See FED. R. CIV. P. 19; see also Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). The moving party bears the burden of showing that the absent party is a required party and that dismissal is proper under Rule 12(b)(7). Disabled in Action v. SEPTA, 635 F.3d 87, 97 (3d Cir. 2011). Similar to other bases for dismissal, the court accepts the truth of the allegations in the complaint and views them in the

light most favorable to the non-moving party. Polygon U.S. Corp. v. Diversified Info. Techs., 12-CV-0923, 2012 WL 5379168, at *4 (M.D. Pa. Oct. 31, 2012) (citing Cummings v. Allstate Ins. Co., No. 11-02691, 2011 WL 6779321, at *3 (E.D. Pa. Dec. 27, 2011)). Under Rule 12(b)(7), however, the court may also consider relevant evidence outside the pleadings. Id.

### III. Discussion

Dover asserts that Atlantic failed to join indispensable parties to this declaratory judgment action. In deciding a Rule 12(b)(7) motion, the court must determine: (1) whether the absent party is a required party; (2) if so, whether it is feasible to join the absent party to the action; and (3) if the absent party cannot be joined, whether the absent party is indispensable. Gen. Refractories Co., 500 F.3d at 312. If the absent party is indispensable, the court must dismiss the action. Id.

Under Rule 19(a)(1), the joinder of an absent party is necessary when:

> (A) in that person's absence, the court cannot accord complete relief among the existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a). We are to treat clauses (A) and (B) in the disjunctive, requiring a movant to satisfy only one of the subsections in order to establish an absent party as necessary. See Koppers Co. v. Aetna Cas. & Sur. Co., 158 F.3d 170, 175 (3d Cir. 1998). Dover grounds its motion in Rule 19(a)(1)(B). (Doc. 8 ¶ 11).

3

The Third Circuit Court of Appeals has determined that parties fall within the ambit of Rule 19(a)(1)(B) when they have a "legally protected interest" in the action. Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 230 (3d Cir. 2005). Parties with "merely a financial interest" in a dispute, *per contra*, are not necessary parties as contemplated by Rule 19. Id. The court of appeals in Treesdale, for example, held that injured third parties do not have a legal interest in declaratory judgment litigation between their alleged tortfeasor and its insurer. See id. at 218-19, 229-30.[2]

Dover asserts that the Danners have an interest in this declaratory judgment action cognizable under Rule 19(a)(1)(B). (Doc. 9 at 4). Dover postulates that, should this action resolve in Atlantic's favor, the Danners' ability to recover damages from Dover may be impaired. (Id.) Dover asserts that Miller is a required party on a similar basis, *viz.*: any determination of Dover's insurance coverage may affect the damages which Miller, Dover's codefendant in the underlying action,

---

[2] We acknowledge some conflicting jurisprudence on this point. In Federal Kemper Insurance Co. v. Rauscher, 807 F.2d 345 (3d Cir. 1986), the Third Circuit intimated, in *dicta*, that injured third parties are indispensable to insurance coverage declaratory judgment suits. Rauscher, 807 F.2d at 354 n.5. The Rauscher court offered this observation as an alternative holding at the close of a complex Article III standing analysis. See id. District courts which have considered this ostensible conflict have distinguished the standing analysis in Rauscher from the Rule 19 analysis in Treesdale, emphasizing the fundamental distinctions between Article III standing and Rule 19 joinder and concluding that Treesdale controls Rule 19 joinder determinations. See Scottsdale Ins. Co. v. RSE Inc., 303 F.R.D. 234, 237-38 (E.D. Pa. 2014); State Farm Fire & Cas. Co. v. Scalia, No. 14-CV-00049, 2014 WL 6982926, at *3-5 (M.D. Pa. 2014) (Jones, J.); Hartford Cas. Ins. Co. v. Cardenas, 292 F.R.D. 235, 242-46 (E.D. Pa. 2013); Nationwide Mutual Ins. Co. v. Garman, No. 09-CV-1431, 2010 WL 2038575 (M.D. Pa. May 19, 2010) (Rambo, J.). We agree with and adopt the *ratio decidendi* of these cases.

might ultimately recover from Dover.  (Id.)  The interests identified by Dover are merely—and exclusively—financial in nature.

Applying Treesdale and its progeny to the case *sub judice*, it is evident that the Danners and Miller are not indispensable to this litigation.  See Treesdale, 419 F.3d at 230.  Dover's own contention that the Danners' interest is limited to the amount of damages they could recover in state court suit underscores this conclusion. (Doc. 9 at 4).  Similarly, Dover fails to identify any interest Miller may have in this case other than the extent of damages recoverable in the underlying suit.  (See id. at 5).  Neither party holds a legally protected interest in this action. See Treesdale, 419 F.3d at 230.  Consequently, because the Danners and Miller have only financial interests in this declaratory judgment action, we may proceed with the existing parties.

## IV. Conclusion

The court will deny Atlantic's motion (Doc. 8) to dismiss.  An appropriate order shall issue.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:　　January 11, 2018